UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,       ) | |
|     *Plaintiff*,       ) | |
|     ) | |
| *vs*.       ) | 1:12-cr-188-JMS-MJD |
|     ) | |
| KANDICE INSKEEP,       ) | |
|     *Defendant*.       ) | |
|     ) | |

**AMENDED RESTITUTION ORDER**

Defendant Kandice Inskeep pled guilty and was sentenced to 51 months imprisonment and 5 years supervised release on February 25, 2013. [Dkt. 23.] The Court ordered restitution of $471,946.85. [Dkt. 24.] Because of the complicated nature of Ms. Inskeep's underlying scheme, the Court gave the victim Dr. Thomas Freeman, and by extension the Government, additional time to supplement its notice of losses. On April 25, 2013, the Government submitted a Notice of Additional Losses for Victim Thomas E. Freeman for Consideration as Restitution. [Dkt. 26.] The Government attached a letter from Dr. Freeman detailing four categories of expenses for which it sought additional restitution totaling $436,084.80. [Dkts. 26.] Ms. Inskeep objected to the clarity of the additional amounts and potential double counting, [dkt. 30], and the Government filed an Addendum with an updated spreadsheet to clarify what was being requested, [dkts. 29; 29-1]. Ms. Inskeep filed another objection, again emphasizing that she believed ordering restitution for certain claimed expenses would amount to double counting, [dkt.30]. The Court ordered the Government to respond to the double counting argument, [dkt. 31], and it has done so, [dkt. 32.].

The Mandatory Victims Restitution Act requires a defendant convicted of certain crimes, "including any offense committed by fraud or deceit," to make restitution to the victims of the

offense in an amount equal to the value of the property damaged or lost. 18 U.S.C. §§ 3663A(a)(1), (b)(1), (c)(1)(A)(ii). 18 U.S.C. § 3664(d)(5) imposes a 90-day deadline after sentencing for a Court to make a final determination of the victim's losses for purposes of ordering restitution. *See also Dolan v. United States*, 130 S. Ct. 2533 (2010) (citing the 90-day deadline but holding that a district court that misses the deadline "retains the power to order restitution" at least where it made clear prior to the deadline's expiration that it would order restitution). Ninety days have not passed since Ms. Inskeep's sentencing. The Court has discretion to determine the amount of restitution. *United States v. Hosking*, 567 F.3d 329, 331 (7th Cir. 2009).

Because the Government clarified the amount of additional restitution it is seeking on Dr. Freeman's behalf, Ms. Inskeep's double counting objection is the only remaining issue. In response to that objection, the Government concedes that certain amounts, including the "Payments to Creditors" of $28,030.76 and the non-penalty tax liabilities of $252,124.78, "would amount to double counting the same loss that is already reflected in Inskeep's restitution order." [Dkt. 32 at 1.] The Government maintains, however, that the tax penalty of $120,640.94 "is most likely a part of the reasonably foreseeable pecuniary harm suffered by the victim, and should be included as restitution." [*Id.* at 2.] It also argues that a portion of the professional fees sought—$4,329.01—were a direct consequence of the fraud and should be included. [*Id.* at 3.]

The Court agrees with the Government's assessment of the applicable case law and its ultimate determination of which amounts should be included and excluded from the additional restitution it initially sought. Specifically, in its reply the Government credibly detailed how the additional restitution amounts it seeks are directly related to Ms. Inskeep's fraudulent conduct. [Dkt. 32 at 2-4.] Therefore, the Court **AMENDS** the restitution order in this case to add

- 3 -

$124,969.95 to the outstanding restitution total ($471,946.85), for an amended restitution amount of **$596,916.80**.  The additional amount ordered herein is comprised of the following items:

    1. $120,640.94 for tax penalties that were reasonably foreseeable harm caused to the victim by Ms. Inskeep when she committed the fraud; and

    2. $4,329.01 in professional fees that were a direct consequence of the fraud.

These amounts are directly payable to the victim, Dr. Freeman.

**IT IS SO ORDERED.**

    05/23/2013

                                                        Hon. Jane Magnus-Stinson, Judge
                                                        United States District Court
                                                        Southern District of Indiana

**Distribution via ECF only:**

Counsel of Record